UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FC CAPITAL HOLDINGS, LLC, d/b/a FUNDCANNA,<br><br>Plaintiff,<br><br>v.<br><br>CHOICE LABS LLC; GCC MI, ACQUISITIONS, INC.; GCC MI HOLDINGS, LLC; HELLER INVESTMENT HOLDINGS LLC; RAW VENUTRES LLC; PAGANI LLC d/b/a VELVET FUNDING; and DOES 1 to 10, inclusive;<br><br>Defendants. | Case No.: 25-CV-103 JLS (SBC)<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO WITHDRAW NOTICE OF REMOVAL AND REMAND TO STATE COURT**<br><br>(ECF No. 4) |

On January 15, 2025, Defendants Choice Labs LLC; GCC MI, Acquisitions, Inc.; and GCC MI Holdings, LLC (collectively, "Defendants") filed their Notice of Removal in this Court. *See* ECF No. 1. Defendants stated the Court had jurisdiction under 28 U.S.C. § 1332, because "the Parties to this Action are citizens of different states, establishing the diversity requirement necessary . . . ." *Id.* at 3. On January 24, 2025, Defendants filed a Motion to Withdraw Notice of Removal and Remand to the Superior Court, State of California, County of San Diego ("Mot.," ECF No. 4). In their Motion, Defendants

1  explained they "discovered that one of the minority members of GCC MI Holdings, LLC
2  is a citizen of California, and thus, there is not complete diversity among the parties as is
3  required by 28 U.S.C. § 1332." Mot. at 2. Defendants request that "this Court grant this
4  motion to remand this action to the state court from which it was removed," pursuant to 28
5  U.S.C. §1447(c), "on the ground that this Court lacks subject matter jurisdiction over this
6  action based on diversity citizenship." *Id.* at 1–2. On January 27, 2025, Plaintiff FC
7  Capital Holdings, d/b/a FundCanna filed a Statement of Non-Opposition to Defendants'
8  Motion to Withdraw Notice of Removal and Remand. *See* ECF No. 5.

9      For purposes of diversity jurisdiction, a limited liability company ("LLC") "is a
10 citizen of every state of which its owners/members are citizens." *Johnson v. Columbia*
11 *Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). The party invoking the removal
12 statute bears the burden of establishing that federal subject-matter jurisdiction exists by a
13 preponderance of the evidence. *McNutt v. Gen. Motors Acceptance Corp. of Ind., Inc.*, 298
14 U.S. 178, 189 (1936); *In re Haw. Fed. Asbestos Cases*, 960 F.2d 806, 810 (9th Cir. 1992);
15 *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988). Moreover, courts
16 "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*,
17 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863 F.2d 662, 663 (9th Cir.
18 1988)); *Takeda v. Nw. Nat'l Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)). Therefore,
19 "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in
20 the first instance." *Gaus*, 980 F.2d at 566 (citing *Libhart v. Santa Monica Dairy Co.*, 592
21 F.2d 1062, 1064 (9th Cir. 1979)).

22     Here, as Defendants assert they "cannot meet [their] burden" of establishing federal
23 diversity jurisdiction, Mot. at 5, and Plaintiff does not oppose the Motion, ECF No. 5 at 1,
24 the Court **GRANTS** Defendants' Motion (ECF No. 4) and **REMANDS** this action to the
25 Superior Court for the State of California, County of San Diego.
26 / / /
27 / / /
28 / / /

1  |  As this concludes the litigation in this matter, the Clerk of the Court **SHALL
2  |  CLOSE** the file.
3  |      **IT IS SO ORDERED.**
4  |  Dated:  February 5, 2025

                                            Hon. Janis L. Sammartino
                                            United States District Judge